# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JEFFREY FRANK KLEIN,**

    Plaintiff,

v.

**JUST ENERGY GROUP, INC.**, a Foreign Corporation
**JUST ENERGY LIMITED**, a Delaware Corporation
**JUST ENERGY PENNSYLVANIA CORP.**, a Delaware Corporation, and
**JUST ENERGY OHIO, LLC**, a Texas Corporation

    Defendant.

Case No.:   14-1050

Hon. Joy Flowers Conti

_____/

| | |
|---|---|
| **JEFFREY FRANK KLEIN, Pro Se**<br>Plaintiff<br>216 East 8th Avenue, Unit 1<br>Homestead, Pennsylvania 15120<br>(248) 390-7489 | **BUCHANON INGERSOLL &**<br>**ROONEY PC**<br>John F. Povilaitis, Esq. (28944)<br>Erin L. Hamilton, Esq. (93852)<br>One Oxford Centre<br>301 Grant Street, 20th Floor<br>Pittsburgh, Pennsylvania 15219<br>(412) 562-8800 |

_____/

## FIRST AMENDED COMPLAINT

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is domiciled in the Borough of Homestead, State of Pennsylvania.

2. Plaintiff is a legal resident of the State of Michigan.

3. Prior to August 1, 2013, Plaintiff was domiciled in the City of Bowling Green, State of Ohio.

4. Defendant Just Energy Group, Inc. is a Foreign Corporation located in the Country of Canada.

5. Defendant Just Energy Limited is a Delaware Corporation doing business in both Ohio and Pennsylvania under the names Just Energy Ohio and Just Energy Pennsylvania respectively.

6. Defendant Just Energy Pennsylvania Corp. is a Delaware Corporation doing business in Pennsylvania.

7. Defendant Just Energy Ohio, LLC is a Delaware Limited Liability Company doing business in Ohio.

8. The instant action involves a Federal Question granting this Court jurisdiction.

9. The parties of this lawsuit have diversity of citizenship.

10. The amount in controversy in the instant lawsuit exceeds $75,000.

11. Venue is proper in this Court.

12. For all common law claims alleged herein, Pennsylvania law applies.

## GENERAL ALLEGATIONS

13. Defendant Just Energy Ohio, LLC is a subsidiary of Defendant Just Energy Group.

14. Defendant Just Energy Pennsylvania, Corp. is a subsidiary of Defendant Just Energy Group.

15. Defendant Just Energy Limited is a subsidiary of Defendant Just Energy Group.

16. Plaintiff has been a subscriber to Google's Voice service, a Voice over IP (or "VoIP" service) since 2010.

17. Plaintiff's telephone number with respect to his Google Voice account is 419-359-0702 (hereinafter referred to as the "Voice Number").

18. Incoming calls to the Voice Number are delivered to Plaintiff's mobile cellular telephone.

19. Sometime in early 2013, Defendant Just Energy Ohio, LLC (hereinafter referred to as "Just Energy Ohio") began placing telephone calls to the Voice Number (the "Calls") for the purpose of collecting a debt.

20. The name of the debtor on the account with Just Energy Ohio is Phyllis M. Settles.

21. Plaintiff does not know Phyllis M. Settles and has no relationship with Phyllis M. Settles.

22. Just Energy Ohio utilized and automated dialer and prerecorded messages in association with the Calls.

23. Plaintiff suffers from the medical conditions commonly known as Major Depressive Disorder and Generalized Anxiety Disorder ("Depression and Anxiety").

24. Defendants' acts have led to an aggravation of Plaintiff's Depression and Anxiety with symptoms including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

25. As closely-related entities and subsidiaries of the same parent corporation, all Defendants are jointly and severally liable with respect to all allegations contained in this Complaint.

### COUNT I – VIOLATION OF 47 USC §227
### (TELEPHONE CONSUMER PROTECTION ACT)

26. Plaintiff incorporates by reference all previously pled allegations herein.

27. Google Voice and VoIP services constitute a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

28. Just Energy Ohio utilized an automatic telephone dialing system to place its calls to the Voice Number.

29. Voicemail messages left subsequent to many of the Calls utilized an artificial or prerecorded voice.

30. The Calls were placed either from the toll-free telephone number 877-407-7575 or from a blocked telephone number.

31. On, or about, September 30, 2013, Plaintiff placed a telephone call to Just Energy Ohio to advise it that he was not associated with Phyllis M. Settles, that it had the wrong telephone number for Phyllis M. Settles, and to demand that it immediately cease and desist all future calls to the Voice Number.

32. A representative of Just Energy Ohio acknowledged his understanding of this demand.

33. After Plaintiff's cease and desist demand, Just Energy Ohio continued to call the Voice Number on a regular basis utilizing an automatic telephone dialing system.

34. Sometimesin late-December, 2013 or early-January, 2014, Plaintiff answered one of Just Energy Ohio's calls to the Voice Number and advised a representative of Just Energy Ohio that he was not associated with Phyllis M. Settles, that Just Energy Ohio had the wrong telephone number for Phyllis M. Settles, and demanded that Just Energy Ohio immediately cease and desist all future call to the Voice Number.

35. Just Energy Ohio's representative acknowledged his understanding of this demand.

36. Since the Calls began, Just Energy Ohio has placed in excess of 200 calls to the Voice Number, over 150 of which have been placed subsequent to Plaintiff's demand that Just Energy Ohio cease and desist all future telephone call attempts to the Voice Number.

37. Defendants' violations were willful and knowing.

38. Defendants' actions would be considered extreme and outrageous to a reasonable person.

39. Plaintiff is entitled to treble damages under the TCPA.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $300,000, or whatever amount is allowed by statute, plus reasonable costs and attorney fees.

## COUNT II
## COMMON LAW INVASION OF PRIVCY – INTRUSION UPON SECLUSION

40. Plaintiff incorporates by reference all previously pled allegations herein.

41. The Calls constitute an unreasonable intrusion upon the seclusion of Plaintiff.

42. Said unreasonable intrusion upon the seclusion of Plaintiff was reckless or intentional.

43. Said unreasonable intrusion upon the seclusion of Plaintiff would be considered highly offensive to a reasonable person.

44. Defendants' actions would be considered extreme and outrageous to a reasonable person.

45. Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and loss of peace of mind, as a direct and proximate result of Defendants' intrusion upon Plaintiff's seclusion.

46. Due to the willful and reckless nature of Defendants' intrusion upon Plaintiff's seclusion, Plaintiff is entitled to compensatory, punitive damages, and damages for emotional distress.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $4,000,000 or whatever amount the Court or Jury find appropriate plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

### COUNT III – NEGLIGENCE

47. Plaintiff incorporates by reference all previously pled allegations herein.

48. Defendants have a duty of reasonable care to take reasonable steps to ensure that any calls it makes with respect to collecting a debt or marketing are made to the correct telephone number. Such reasonable steps could include, but are not limited to, actively monitoring calls for obvious signs that they might be places to a wrong number, e.g. a male's voice when the call is placed to a female, limiting the time period over which calls are made, and escalating non-responsive calls to a higher level of supervision in order to further investigate irregularities.

49. Defendants have a duty to have a process in place to, and to actually, remove any individual's name from any type of call list, database, automatic telephone dialing

system, or other type of contact machine or database upon request by the individual who received such communication.

50. Subsequent to reaching Plaintiff's voicemail for the first time during any of the Calls, Defendants were, or should have been, on notice that they might have the wrong telephone number for Phyllis M. Settles.

51. Once on notice that Defendants might have the incorrect telephone number for Phyllis M. Settles, Defendants had a duty to investigate further to verify the accuracy of the contact information they had for Phyllis M. Settles.

52. Defendants breached those duties by continuing to place telephone calls to the Voice Number after they were, or should have been, aware that they were calling the wrong telephone number.

53. Defendants further breached those duties by continuing to place telephone calls to the Voice Number after Plaintiff demanded they cease and desist any further telephone calls.

54. Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and loss of peace of mind, as a direct and proximate result of Defendants' negligence.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $100,000, or whatever amount the Court or Jury find appropriate, plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

                          Respectfully submitted:
                          **JEFFREY FRANK KLEIN**

Dated: June 12, 2015         BY: Jeffrey Frank Klein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JEFFREY FRANK KLEIN,**

      Plaintiff,

v.

**JUST ENERGY GROUP, INC.**, a Foreign Corporation
**JUST ENERGY LIMITED**, a Delaware Corporation
**JUST ENERGY PENNSYLVANIA CORP.**, a Delaware Corporation, and
**JUST ENERGY OHIO, LLC**, a Texas Corporation

      Defendant.

Case No.:     14-1050

Hon. Joy Flowers Conti

_____/

| **JEFFREY FRANK KLEIN, Pro Se** | **BUCHANON INGERSOLL &** |
|---|---|
| Plaintiff | **ROONEY PC** |
| 216 East 8th Avenue, Unit 1 | John F. Povilaitis, Esq. (28944) |
| Homestead, Pennsylvania 15120 | Erin L. Hamilton, Esq. (93852) |
| (248) 390-7489 | One Oxford Centre |
|  | 301 Grant Street, 20th Floor |
|  | Pittsburgh, Pennsylvania 15219 |
|  | (412) 562-8800 |

_____/

## JURY DEMAND

Plaintiff Jeffrey Frank Klein demands a trial by jury on all Counts contained in the First Amended Complaint for the above-captioned matter.


                      Respectfully submitted:
                      **JEFFREY FRANK KLEIN**

Dated: June 12, 2015          BY: Jeffrey Frank Klein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY FRANK KLEIN,

    Plaintiff,

v.

JUST ENERGY GROUP, INC., a Foreign Corporation
JUST ENERGY LIMITED, a Delaware Corporation
JUST ENERGY PENNSYLVANIA CORP., a Delaware Corporation, and
JUST ENERGY OHIO, LLC, a Texas Corporation

    Defendant.

Case No.:  14-1050

Hon. Joy Flowers Conti

_____/

| JEFFREY FRANK KLEIN, Pro Se | BUCHANON INGERSOLL & |
| Plaintiff | ROONEY PC |
| 216 East 8th Avenue, Unit 1 | John F. Povilaitis, Esq. (28944) |
| Homestead, Pennsylvania 15120 | Erin L. Hamilton, Esq. (93852) |
| (248) 390-7489 | One Oxford Centre |
| | 301 Grant Street, 20th Floor |
| | Pittsburgh, Pennsylvania 15219 |
| | (412) 562-8800 |

_____/

## PROOF OF SERVICE

    Jeffrey Frank Klein, being duly sworn, deposes and states that, on June 12, 2015, he send a copy of the following items to Defendants' attorney of record Erin L. Hamilton, Esq., via email to the email address erin.hamilton@bipc.com:

First Amended Complaint
Jury Demand
Proof of Service

_____
Jeffrey Frank Klein