IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY FRANK KLEIN,

    Plaintiff,

v.

JUST ENERGY GROUP, INC., a Foreign
Corporation, JUST ENERGY LIMITED,
a Delaware Corporation
JUST ENERGY PENNSYLVANIA CORP.,
a Delaware Corporation, and
JUST ENERGY OHIO, LLC, a Texas
Corporation, COLLECTCENTS, INC.
o/a CREDIT BUREAU OF CANADA
COLLECTIONS, a Foreign Corporation
and DATA EXCHANGE, INC., an Oklahoma
Corporation.

    Defendants.

Case No.: 14-1050

Hon. Joy Flowers Conti

---

| The Chiurazzi Law Group | BUCHANON INGERSOLL & ROONEY PC |
|---|---|
| Counsel for Plaintiff, Jeffrey Frank Klein | Counsel for Defendants Just Energy Group, Inc., Just Energy Limited, Just Energy Pennsylvania, Corp., and Just Energy Ohio, LLC |
| Adam G. Vahanian, Esquire | John F. Povilaitis, Esq. (28944) |
| Pa. I.D. No. 209605 | Erin L. Hamilton, Esq. (93852) |
| 101 Smithfield Street | One Oxford Centre |
| Pittsburgh, PA  15222 | 301 Grant Street, 20th Floor |
| (412) 434-0773 | Pittsburgh, Pennsylvania 15219 |
| | (412) 562-8800 |

---

## SECOND AMENDED COMPLAINT

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is domiciled in the Borough of Homestead, Commonwealth of

    Pennsylvania.

2. Plaintiff is a legal resident of the Commonwealth of Pennsylvania.

3. Prior to August 1, 2013, Plaintiff was domiciled in the City of Bowling Green, State of Ohio.

4. Defendant Just Energy Group, Inc. is a Foreign Corporation located in the Country of Canada.

5. Defendant Just Energy Limited is a Delaware Corporation doing business in both Ohio and Pennsylvania under the names Just Energy Ohio and Just Energy Pennsylvania respectively.

6. Defendant Just Energy Pennsylvania Corp. is a Delaware Corporation doing business in Pennsylvania.

7. Defendant Just Energy Ohio, LLC is a Delaware Limited Liability Company doing business in Ohio (The Defendants Just Energy Group, Inc., Just Energy Limited, Just Energy Pennsylvania Corp. and Just Energy Ohio, LLC, when referred to collectively, are the "Just Energy Defendants").

8. Defendant Collectcents, Inc. o/a Credit Bureau of Canada Colections (hereinafter referred to as "Collectcents") is a Foreign Corporation located in the Country of Canada.

9. Defendant Collectcents is a Federal Corporation in the Country of Canada and its Corporation Number is 3679250.

10. Defendant Data Exchange, Inc. is an Oklahoma corporation with a principal place of business in Tulsa, Oklahoma.

11. Defendant Collectcents is actively conducting business in the United States of America, including, but not limited to, the State of Ohio and the Commonwealth of Pennsylvania.

12. Defendant Collectcents is not a registered business entity in either the State of Ohio or the Commonwealth of Pennsylvania.

13. Defendant Collectcents is conducting business in the State of Ohio and the Commonwealth of Pennsylvania while identifying itself as "Just Energy Ohio."

14. The instant action involves a Federal Question granting this Court jurisdiction.

15. The parties of this lawsuit have diversity of citizenship.

16. The amount in controversy in the instant lawsuit exceeds $75,000.

17. Venue is proper in this Court.

18. For all common law claims alleged herein, Pennsylvania law applies.

## GENERAL ALLEGATIONS

19. Defendant Just Energy Ohio, LLC is a subsidiary of Defendant Just Energy Group.

20. Defendant Just Energy Pennsylvania, Corp. is a subsidiary of Defendant Just Energy Group.

21. Defendant Just Energy Limited is a subsidiary of Defendant Just Energy Group.

22. Plaintiff has been a subscriber to Google's Voice service, a Voice over IP (or "VoIP" service) since 2010.

23. Plaintiff's telephone number with respect to his Google Voice account is 419-359-0702 (hereinafter referred to as the "Voice Number").

24. Incoming calls to the Voice Number are delivered to Plaintiff's mobile cellular telephone.

25. Sometime in early 2013, Plaintiff began receiving telephone calls to the Voice Number (the "Calls"), purportedly for the purpose of collecting a debt owed to The First Energy Defendants by a person named Phyllis M. Settles, a person Plaintiff does not know and has no relationship with.

26. The Just Energy Defendants alleged in their responses to Plaintiffs' discovery in this matter that a third party collection agency, Defendant Collectcents, was responsible for placing the Calls on their behalf.

27. The Just Energy Defendants alleged in its communications with Plaintiff during the course of litigation that it contracted with an entity known as Quick Response Outsourcing, LLC, and pursuant to a certain Master Services Agreement provided third party data verification and other information services to the First Energy Defendants related to its debt collection calls, including the Calls.

28. Upon information and belief, Defendant Data Exchange is the successor in interest to Quick Response Outsourcing, LLC and assumed all of its liabilities, including those related to its obligations under the Master Services Agreement including all its data verification and other information services activities.

29. Upon information and belief, at all relevant times Defendant Collectcents acted as an agent, servant, employee and/or independent contractor of The Just Energy Defendants or their predecessors, and was retained, hired, engaged or charged with placing calls, including the Calls, on behalf of The Just Energy Defendants, purportedly with the intention of collecting debts owed by such persons.

30. Upon information and belief, at all relevant times Quick Response Outsourcing, LLC and/or Data Exchange, Inc. (hereinafter "Defendant Data Exchange") acted as an agent, servant, employee and/or independent contractor, of the Just Energy Defendants or their predecessors, and was retained, hired, engaged or contractually charged with providing data verification and other information services to the Just Energy Defendants in connection with their debt collection calls, including the Calls.

31. Upon information and belief, the Just Energy Defendants retained Defendant Collectcents to pursue and collect debts owed to it, including an alleged debt owed by Phyliss M. Settles, and at all times had apparent authority over Defendant Collectcents' conduct and ratified such conduct.

32. Defendant Collectcents and/or The First Energy Defendants utilized an automated dialer and prerecorded messages in association with the Calls.

33. Defendant Collectcents during all times relevant to this action, has never identified itself to Plaintiff, nor has it identified itself as an agent of The Just Energy Defendants.

34. Upon information and belief, the Just Energy Defendants retained Defendant Data Exchange to provide customer verification and other information services to the Just Energy Defendants in connection with their debt collection calls, including the Calls, and at all times had apparent authority over said Defendants' conduct and ratified such conduct.

35. Upon information and belief, The Just Energy Defendants and/or Defendant Data Exchange, or their respective agents, servants and employees provided the Voice

number to Defendant Collectcents or the First Energy Defendants, purportedly for the purpose of collecting a debt on behalf of the Just Energy Defendants.

36. The number provided was not the number of Phyllis M. Settles but rather the Voice Number of Plaintiff.

37. As a result of all Defendants' negligent actions, and the failure of Defendant Collectcents and The Just Energy Defendants to cease collection calls despite Plaintiff's repeated demands, over the course of approximately a year and a half the Plaintiff suffered ongoing harassment in the form of over 200 collection calls to the Voice Number, which calls were not intended for Plaintiff but rather Phyllis M. Settles, a person Plaintiff does not know.

38. Plaintiff at all relevant times suffered from the medical conditions commonly known as Major Depressive Disorder and Generalized Anxiety Disorder ("Depression and Anxiety").

39. Defendants' acts have led to an aggravation of Plaintiff's Depression and Anxiety with symptoms including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

40. To the extent that Defendants are closely-related entities, subsidiaries of the same parent corporation, agents, or officers of an unregistered business entity Defendants are jointly and severally liable with respect to all allegations contained in this Complaint.

## COUNT I – VIOLATION OF 47 USC §227
### (TELEPHONE CONSUMER PROTECTION ACT ("TCPA"))
### PLAINTIFF V. THE FIRST ENERGY DEFENDANTS AND DEFENDANT COLLECTCENTS

41. Plaintiff incorporates by reference all previously pled allegations herein.

42. Google Voice and VoIP services constitute a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

43. Defendants utilized an automatic telephone dialing system to place calls to Plaintiff's Voice Number.

44. Voicemail messages left subsequent to many of the Calls utilized an artificial or prerecorded voice.

45. Defendants failed to identify themselves or the telephone number of the business placing the call on any of the Calls.

46. The Calls were placed either from the toll-free telephone number 877-407-7575 or from a blocked telephone number.

47. On, or about, September 30, 2013, Plaintiff placed a telephone call to Defendants to advise them that he was not associated with Phyllis M. Settles, that they had the wrong telephone number for Phyllis M. Settles, and to demand that they immediately cease and desist all future calls to his Voice Number.

48. A representative of Defendants acknowledged his understanding of this demand.

49. After Plaintiff's cease and desist demand, Defendants continued their harassing conduct, calling the Voice Number frequently.

50. Sometime in late-December, 2013 or early-January, 2014, Plaintiff answered one of Defendants' calls to the Voice Number and advised a representative of

Defendants that he was not associated with Phyllis M. Settles, that Defendants had the wrong telephone number for Phyllis M. Settles, and demanded that Defendants immediately cease and desist all future calls to the Voice Number.

51. Defendants representative acknowledged his understanding of this demand.

52. Defendants have placed in excess of 200 harassing collection calls to the Voice Number, over 100 of which have been placed subsequent to Plaintiff notifying Defendants that they had the wrong number and demanding that they stop calling him.

53. Defendants' violations were willful and knowing.

54. Defendants' actions would be considered extreme and outrageous to a reasonable person.

55. These actions constitute violations of the TCPA and enacting regulations including, but not limited to, those contained in 47 CFR §64.1200 and 16 CFR §310.4.

56. Plaintiff is entitled to treble damages for each violation under the TCPA and said enacting regulations.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $300,000, $1,500 per violation, or whatever amount is allowed by statute, plus reasonable costs and attorney fees.

### COUNT II
### COMMON LAW INVASION OF PRIVACY – INTRUSION UPON SECLUSION
### PLAINTIFF V. THE FIRST ENERGY DEFENDANTS AND DEFENDANT COLLECTCENTS

57. Plaintiff incorporates by reference all previously pled allegations herein.

58. The 200+ harassing collection calls to the wrong number constitute an unreasonable intrusion upon the seclusion of Plaintiff.

59. Said unreasonable intrusion upon the seclusion of Plaintiff was reckless or intentional.

60. Said unreasonable intrusion upon the seclusion of Plaintiff would be considered highly offensive to a reasonable person.

61. Defendants' actions would be considered extreme and outrageous to a reasonable person.

62. As a direct and proximate result of the 200+ harassing collection calls placed to the wrong number by Defendants, Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and the symptoms thereof including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

63. Due to the willful and reckless nature of Defendants' intrusion upon Plaintiff's seclusion, Plaintiff is entitled to compensatory damages, punitive damages, and damages for emotional distress.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $4,000,000 or whatever amount the Court or Jury find appropriate plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

## COUNT III – NEGLIGENCE
## PLAINTIFF V. DEFENDANT COLLECTCENTS

64. Plaintiff incorporates by reference all previously pled allegations herein.

65. Defendant Collectcents has a non-delegable duty of reasonable care to take reasonable steps to ensure that any calls it makes with respect to collecting a debt or marketing are made to the correct telephone number. Such reasonable steps include, but are not limited to, actively monitoring calls for obvious signs that they might be placed to a wrong number, e.g. a male's voice when the call is placed to a female, limiting the time period over which calls are made, and escalating non-responsive calls to a higher level of supervision in order to further investigate irregularities.

66. Defendant Collectcents has a non-delegable duty to immediately and permanently remove any individual's name from any type of call list, database, automatic telephone dialing system, or other type of contact machine or database when Defendant Collectcents or its agents, servants or employees are advised that they have been calling the wrong number.

67. Defendant Collectcents has a non-delegable duty to immediately cease collection calls made to the wrong number.

68. Subsequent to reaching Plaintiff's voicemail during any of the Calls, Defendant Collectcents was, or should have been, on notice that they were calling the wrong telephone number for Phyllis M. Settles.

69. Once on notice that Defendant Collectcents was has wrong telephone number for Phyllis M. Settles, Defendant Collectcents had a duty to investigate further to verify the accuracy of the contact information it had for Phyllis M. Settles.

70. Defendant Collectcents breached those duties by continuing to place telephone calls to the Voice Number after they were, or should have been, aware that they were calling the wrong telephone number.

71. Defendants further breached those duties by continuing to place telephone calls to the Voice Number after Plaintiff demanded they cease and desist any further telephone calls.

72. As a direct and proximate result of the 200+ harassing collection calls placed to the wrong number by Defendant Collectcents, Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and the symptoms thereof including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $4,000,000, or whatever amount the Court or Jury find appropriate, plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

## COUNT IV – NEGLIGENCE
## PLAINTIFF V. THE JUST ENERGY DEFENDANTS

73. Plaintiff incorporates by reference all previously pled allegations herein.

74. The Just Energy Defendants and their agents, servants and employees owe a non-delegable duty to ensure that persons or entities they hire to collect their debts do so in a reasonable and lawful manner.

75. The Just Energy Defendants and their agents, servants and employees owe a non-delegable duty to provide the correct phone number and contact information to persons or entities they hire to collect their debts do so in a reasonable and lawful manner.

76. The Just Energy Defendants have a non-delegable duty to conduct due diligence prior to retaining an employee, agent, or independent contractor to ensure such employee, agent, or independent contractor complies with federal, state, local, or other laws related to the business activities they have been engaged for, including, but not limited to, proper registration with any jurisdiction in which said employee, agent, or independent contractor is conducting business, having procedures in place to comply with any federal, state, local, or other laws governing said business activities, awareness of any federal, state, local, or other laws governing said business activities, and protection of the rights of any third parties that could be affected by said business activities.

77. The Just Energy Defendants have a non-delegable duty to demand that any employees, agents, or independent contractors they retain comply with all federal,

state, local, and other laws governing the business activities for which they have been retained.

78. The Just Energy Defendants have a non-delegable duty to adequately supervise any employees, agents, or independent contractors they retain in order to ensure that said employees, agents, or independent contractors comply with any federal, state, local, or other laws governing the business activities for which they have been retained.

79. The Just Energy Defendants have breached the aforementioned duties through actions or failures to act including, but not limited to retaining a company that is not registered or authorized to conduct business in the jurisdictions in which they have been retained to do business, for failing to do adequate due diligence prior to retaining Defendant Collectcents and Defendant Data Exchange, for failing to make proper demands that Defendant Collectcents and Defendant Data Exchange comply with relevant federal, state, local, or other laws, for failing to adequately supervise Defendant Collectcents and Defendant Data Exchange throughout the course of their business relationship and for failing to provide the correct phone number and contact information when attempting to collect their debts.

80. As a direct and proximate result of the 200+ harassing collection calls placed to the wrong number at the direction and control of The Just Energy Defendants, Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and the symptoms thereof including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against Defendants Just Energy Group, Inc., Just Energy Limited, Just Energy Pennsylvania Corp., and Just Energy Ohio, LLC, jointly and severally, in the amount of $4,000,000, or whatever amount the Court or Jury find appropriate, plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

### COUNT V – NEGLIGENCE
### PLAINTIFF V. DEFENDANT DATA EXCHANGE

81. Plaintiff incorporates by reference all previously pled allegations herein.
82. Defendant Data Exchange has a non-delegable duty of reasonable care to take reasonable steps with respect to the provision of customer verification and information services to ensure that it provides entities retained by it to provide such services with the correct contact information and telephone numbers to ensure that persons such as Plaintiff who receive numerous telephone calls based upon such information and telephone numbers are the proper persons.
83. Defendant Data exchange breached those duties by incorrectly identifying Phyllis M. Settles' telephone number as the Voice Number.
84. As a direct and proximate result of these actions, Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and the symptoms thereof including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $4,000,000, or whatever amount the Court or Jury find appropriate, plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

### COUNT VI – VICARIOUS LIABILITY
### PLAINTIFF V. THE JUST ENERGY DEFENDANTS

85. Plaintiff incorporates by reference all previously pled allegations herein.

86. Defendant Collectcents' actions and conduct as described above were performed during the course of and within the scope of its employment or agency relationship as a debt collection agency for The Just Energy Defendants.

87. Defendant Data Exchanges' actions and conduct as described above were performed during the course of and within the scope of its employment or agency relationship as a provider of customer verification and information services to The Just Energy Defendants.

88. Just Energy Defendants had apparent authority over Defendant Collectcents and Defendant Data Exchange's conduct, and ratified such conduct.

89. Defendant Collectcents' and Defendant Data Exchange's actions were performed with the purpose of serving their employer, the Just Energy Defendants, who at all times exercised control over, or had the right to control, their activities and conduct.

90. The First Energy Defendants are vicariously liable for Defendant Collectcents' and Defendant Data Exchange's actions.

91. As a direct and proximate result of the 200+ harassing collection calls placed to the wrong number at the direction and control of The Just Energy Defendants, Plaintiff has suffered damages, including, but not limited to, aggravation of his Depression and Anxiety and the symptoms thereof including, but not limited to, dysphoria, loss of sleep, hypersomnia, fatigue, inability to concentrate, difficulty performing essential work/school functions, racing heart, headaches, and tension.

WHEREFORE, Plaintiff asks this Honorable Court to enter Judgment in favor of Plaintiff against Defendants Just Energy Group, Inc., Just Energy Limited, Just Energy Pennsylvania Corp., and Just Energy Ohio, LLC, jointly and severally, in the amount of $4,000,000, or whatever amount the Court or Jury find appropriate, plus punitive damages in whatever amount the Court or Jury find appropriate, to permanently enjoin Defendants from attempting to contact Plaintiff at the Voice Number or any other telephone number, and reasonable costs and attorney fees.

Date: January 20, 2016

Respectfully submitted:

/s/ Adam G. Vahanian
Adam G. Vahanian, Esquire
Pa. I.D. No. 209605
avahanian@the-attorneys.com
**The Chiurazzi Law Group**
101 Smithfield Street
Pittsburgh, PA  15222
(412) 434-0773
(412) 434-0776 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of Plaintiff's Second Amended Complaint was transmitted to the Court electronically for filing and for electronic service upon the following attorneys of record this 20th day of January, 2016:

>Erin Lucas Hamilton, Esquire
>Buchanan Ingersoll & Rooney, PC
>One Oxford Centre
>301 Grant Street, 20th Floor
>Pittsburgh, PA 15219-1410
>erin.hamilton@bipc.com

>Respectfully submitted,

>By: /s/Adam G. Vahanian
>Adam G. Vahanian