IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY FRANK KLEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 14-1050 |
| JUST ENERGY GROUP, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

**I.   INTRODUCTION**

Pending before the court is a partial motion to dismiss the third amended complaint filed on behalf of defendant Commerce Energy, Inc. d/b/a Just Energy ("Commerce Energy") on September 23, 2016. (ECF No. 96). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

In his third amended complaint (ECF No. 95), plaintiff Jeffrey Frank Klein ("Klein") claims that numerous telephone calls made to him on behalf of Commerce Energy violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, constituted negligence and invaded his privacy. Specifically, Klein sues Commerce Energy under Count IV for violation of the TCPA, under Count V for vicarious liability for the conduct of defendant Collectcents, Inc. ("Collectcents"), and under Count VI for negligence. Regarding Count V, Klein sues Commerce Energy for vicarious liability for: 1) the negligence of Collectcents; 2)

1

violation of the TCPA by Collectcents; and 3) invasion of Klein's privacy (intrusion upon seclusion) by Collectcents, all as separately alleged against Collectcents under Counts I through III.

Commerce Energy now moves to dismiss Count VI for negligence and the portion of Count V asserting the vicarious liability of Commerce Energy for the negligence of Collectcents. Commerce Energy filed a brief in support of its motion. (ECF No. 97). Response to the motion was due twenty-one (21) days after service per the court's September 19, 2014 Order on Motions Practice at paragraph 5(d). (ECF No. 14 ¶ 5(d)). That order provides that "[f]ailure to respond may be deemed as conceding the grounds for the motion." (ECF No. 14 at ¶ 3). Klein did not file any response in opposition and the deadline has passed. This matter is now ripe for disposition. As more fully explained below, Commerce Energy's motion to dismiss Count VI for negligence and the portion of Count V asserting the vicarious liability of Commerce Energy for the negligence of Collectcents will be granted.

## II. PROCEDURAL BACKGROUND

On August 13, 2014, this court granted plaintiff, who was proceeding *pro se* at that time, leave to proceed *in forma pauperis*. The original complaint sued Just Energy Group, Inc., Just Energy Limited, Just Energy Pennsylvania Corp., and Just Energy Ohio, LLC (collectively the "Just Energy Defendants"). (ECF No. 2). The Just Energy Defendants responded to the *pro se* complaint by filing a partial motion to dismiss the complaint, seeking dismissal of Count II for common law private nuisance under Pennsylvania law and Count IV for negligence under Pennsylvania law for failure to state a claim. (ECF No. 17). By order dated May 27, 2015, this

court granted Just Energy Defendants' motion to dismiss without prejudice and also granted Klein leave to file an amended complaint. (ECF No. 22). Klein, who was still proceeding *pro se*, filed the amended complaint on June 12, 2015. (ECF No. 24).

On November 16, 2015, counsel for Klein entered his appearance and Klein no longer proceeded *pro se*. (ECF No. 42). On January 20, 2016, with leave of court, Klein through his counsel filed his second amended complaint then adding Collectcents and Data Exchange as defendants to this action. (ECF No. 51). In response, Defendant Data Exchange filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 75). After filing their answer and concluding discovery, the Just Energy Defendants filed a motion for summary judgment on February 26, 2016, (ECF No. 57), which was granted on June 29, 2016. (ECF No. 87). Subsequently, Klein requested leave to file a third amended complaint to add Commerce Energy as a defendant because it was the party on whose behalf the calls were made and to assert additional claims against Just Energy. (ECF No. 88).

At a hearing held on September 6, 2016, the court granted Data Exchange's motion to dismiss for lack of personal jurisdiction and granted leave for Klein to file a third amended complaint adding Commerce Energy as a defendant to this action, but denied leave to amend as against the Just Energy Defendants. See (September 7, 2016 Minute Entry). Klein then filed his third amended complaint on September 13, 2016, asserting claims only against Collectcents and Commerce Energy. (ECF No. 95). On September 23, 2016, Commerce Energy filed its present partial motion to dismiss. (ECF No. 96).

III. **FACTUAL BACKGROUND**

It is alleged that in early 2013, Klein began receiving debt collection calls placed by Collectcents in an attempt to collect a debt owed to Commerce Energy by P.S.[1] (ECF No. 95 ¶ 13). The calls were made to Klein's Google voice over Internet Protocol ("VoIP") service number ending in 0702 ("Klein's VoIP number"), which Klein had forwarded to his mobile cellular telephone. (ECF No. 95 ¶¶ 11-12). Klein contends that over 200 telephone calls were made by Collectcents to Klein's VoIP number without his permission using an autodialer or pre-recorded voice and were made on behalf of Commerce Energy to attempt to collect a debt of P.S. regarding her account with Commerce Energy. (ECF No. 95 ¶¶ 13, 16, 26, 27). In his third amended complaint, Klein asserts that the negligence of Commerce Energy and the negligence of Collectcents for which Commerce Energy is vicariously liable, caused him emotional distress. (ECF No. 95 ¶ 19, 35, 65).

IV.     **MOTION TO DISMISS STANDARD**

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must

---

[1] The individual whose alleged debt Collectcents called regarding is not a party to or involved in this suit and the validity of her debt is not at issue. The court will refer to her simply as "P.S."

provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.. . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id.) (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie Twombly. Id. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2nd Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]- that the pleader is entitled to relief.'" Id. (quoting Fed. Rule Civ. Proc. 8(a)(2)).

5

## V. DISCUSSION

In the instant motion, Commerce Energy seeks dismissal of the third amended complaint only with respect to the portion of Count V asserting the vicarious liability of Commerce Energy for the negligence of Collectcents and with respect to Count VI asserting the negligence of Commerce Energy. Commerce Energy argues that these claims should be dismissed under the law of the case doctrine, the court having already addressed the identical allegations and granted an earlier motion to dismiss and summary judgment in this matter on the same issue. (ECF No. 97 at 3).

In its memorandum opinion on the Just Energy Defendants' partial motion to dismiss the negligence claim against the Just Energy Defendants, the court previously instructed:

> "In order to prevail on a cause of action in negligence under Pennsylvania law, a plaintiff must establish: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993) (citing Morena v. South Hills Health Sys., 462 A.2d 680, 684 n. 5 (Pa. 1983)).

(ECF No. 21 at 8). The court further instructed:

> In Pennsylvania courts have restricted claims for emotional distress caused by negligence to the following four factual scenarios: "(1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative." Daly v. New Century Trans, Inc., No. 11-2037, 2012 WL 4060687, at * 7 (M.D. Pa. Sep. 14, 2012) (citing Toney v. Chester Cnty. Hosp., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008)).

(ECF No. 21 at 8). The court specifically held with respect to the negligence claim that Klein failed to set forth sufficient factual allegations to invoke any of the four scenarios under which a

claim for negligent infliction of emotional distress can proceed under Pennsylvania law and also failed to allege the required physical manifestation of his emotional distress. (ECF Nos. 21 at 8-9; 22).

Subsequently, in its opinion on summary judgment, in addition to holding that Klein failed to show that any of the Just Energy Defendants had a sufficient connection to the challenged calls, the court stated:

> The court dismissed Klein's claim for negligence against the Just Energy Defendants in his original complaint because Klein failed to make any factual allegations a) that would be sufficient to plausibly implicate any of the four scenarios for recovery of emotional distress; and b) that he suffered physical manifestation of his emotional distress. (ECF No. 21 at 9). Although Klein's second amended complaint alleges that he suffered physical manifestation of emotional distress, (ECF No. 51 ¶ 39), as with the original complaint addressed in the court's prior opinion, (ECF 21 at 8-9), Klein failed to adduce sufficient evidence to support any of the four factual scenarios required under Pennsylvania law. Daly v. New Century Trans, Inc., No. 11-2037, 2012 WL 4060687, at *7 (M.D. Pa. Sept. 14, 2012) (citing Toney v. Chester Cnty. Hosp., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008)). Klein did not allege any of the four factual scenarios required for negligent infliction of emotional distress or adduce sufficient evidence for purposes of summary judgment. On this basis alone the Just Energy Defendants are entitled to summary judgment on the count for negligence and the count for vicarious liability of the Just Energy Defendants for the alleged negligence of defendants Collectcents and Data Exchange/QRO.

(ECF No. 86 at 30 n. 12).[2]

In the third amended complaint, Klein asserts the same negligence claims causing emotional distress as he previously had attempted. Klein continues his failure to invoke any one of the four scenarios described above and required to state a claim for negligent infliction of

---

[2] Commerce Energy argues that with respect to the Just Energy Defendants' motion for summary judgment the court held that Klein failed to adduce sufficient evidence of physical injuries to withstand summary judgment. (ECF No. 97 at 4). The court, however, did not address the arguments asserted regarding evidence of physical injuries. The court instead addressed in its opinion the adequacy of the evidence to establish one of the four required scenarios.

7

emotional distress under Pennsylvania law. As such, Klein's present claims for negligence against Commerce Energy will be dismissed for failure to state a claim and under the law of the case doctrine.

Law of the case doctrine embodies the prudential policy counseling in favor of a court not redeciding issues earlier resolved in the case. Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). The doctrine applies not only to a coordinate court in the same case, such as on transfer, but also to the court's own prior decisions in the same case, and promotes judicial economy. Id. at 116. Absent extraordinary circumstances, a court should be loath to revisit its prior decision in the same case though it has the power to do so. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). A decision to revisit should be limited to where the prior decision was clearly erroneous or where the prior decision would work a manifest injustice, such as where: (1) new evidence is available; (2) a supervening new law has been announced; and (3) the earlier decision was clearly erroneous and would create a manifest injustice, Magnesium Elektron, Inc., 123 F.3d at 116-117, all of which the court finds inapplicable here and none of which are urged by Klein, having elected not to file a response in opposition.

The court twice previously concluded that Klein's attempted negligence claims fail because they do not fall within one of the four categories required to bring a claim for negligent infliction of emotional distress. Klein repeats in the third amended complaint the allegations from the prior complaints regarding negligence causing emotional distress, compare (ECF No. 95 ¶¶ 18, 19, 65, with ECF Nos. 2 ¶57 and 51 ¶¶ 39, 80), without attempting to bring them within one of the four scenarios required under Pennsylvania law. Therefore, the present claims

8

for negligence and for vicarious liability for negligence attempted in the third amended complaint fail for the same previously announced reasons.

## VI. CONCLUSION

Commerce Energy's motion to dismiss the portion of Count V asserting the vicarious liability of Commerce Energy for the negligence of Collectcents and Count VI for negligence will be granted. An appropriate order follows.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: November 18, 2016