## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY FRANK KLEIN, : | |
| : | |
| Plaintiff, : | Civil Action No. 14-1050 |
| : | |
| v. : | Hon. Joy Flowers Conti |
| : | |
| COMMERCE ENERGY, INC. D/B/A : | |
| JUST ENERGY, a California : | |
| Corporation, and COLLECTCENTS, : | |
| INC. o/a/ CREDIT BUREAU OF : | |
| CANADA COLLECTIONS, a Foreign : | |
| Corporation, : | |
| : | |
| Defendants. : | |

### DEFENDANT COLLECTCENTS, INC.'S
### MOTION FOR SUMMARY JUDGMENT

AND NOW, Defendant Collectcents, Inc. o/a Credit Bureau of Canada Collections ("Collectcents") respectfully submits this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56, and the Court's November 10, 2016 Case Management Order. In support of this Motion, Collectcents states the following:

1. This action arises from Plaintiff Jeffrey Frank Klein's alleged receipt of debt collection telephone calls made to the telephone number assigned to Plaintiff's free Google Voice Over IP ("VoIP") service, which, to the extent any such calls were made, were intended for another individual and the result of a data entry error made by a third-party independent contractor.

2. In his Third Amended Complaint, Plaintiff asserts claims against Collectcents for alleged violations of the Telephone Consumer Protection Act ("TCPA") (Count I), invasion of privacy (Count II), and negligence (Count III). Doc. No. 95.

3. Summary judgment should be entered in favor of Collectcents on Plaintiff's Count I TCPA claim because it is undisputed that Plaintiff was not charged for any of the alleged calls

made to the number assigned to his free VoIP service and it is further undisputed that no calls were made to the number assigned to Plaintiff's cellular telephone service.

4. Summary judgment should be entered in favor of Collectcents on Plaintiff's Count II invasion-of-privacy claim for intrusion upon seclusion because this claim is barred by the applicable statute of limitations and there is no evidence of record creating an issue of material fact as to whether Collectcents intentionally made calls to Plaintiff's VoIP number with the knowledge that the number was incorrect.

5. Summary judgment should be entered in favor of Collectcents on Plaintiff's Count III negligence claim because this claim is time-barred to the extent that Plaintiff seeks to recover damages in connection with any alleged calls made prior to January 20, 2014, the date on which Plaintiff first asserted claims against Collectcents. Summary judgment on this claim is also appropriate because Plaintiff has failed to assert that Collectcents owed him any duty and has not produced evidence reflecting a sufficient causal connection between the calls at issue and any injuries that he allegedly sustained.

WHEREFORE, for the reasons set forth above as well as those set forth in Collectcents' contemporaneously filed Memorandum of Law in Support of its Motion for Summary Judgment, Concise Statement of Material Facts, and Supporting Appendix, summary judgment should be entered in favor of Collectcents on Counts I, II, and III of Plaintiff's Third Amended Complaint.

November 21, 2016                    Respectfully submitted,

/s/ *Louis A. DePaul*
Louis A. DePaul, Esq. (Pa. I.D. 93823)
Thomas E. Sanchez, Esq. (Pa. I.D. 311199)
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

(412) 566-6000
(412) 566-6099 (facsimile)
ldepaul@eckertseamans.com
tsanchez@eckertseamans.com

*Counsel for Defendant,*
*Collectcents, Inc. o/a/ Credit Bureau of Canada Collections*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Motion for Summary Judgment has been electronically filed and served with the Court's ECF System this 21st day of November, 2016. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.

                                           */s/ Louis A. DePaul*
                                           Louis A. DePaul