# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY FRANK KLEIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1050 |
| | ) |
| JUST ENERGY GROUP, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Presently before the court is a "Motion to Extend Time to File Notice of Appeal Under FRAP 4," (ECF No. 161), filed by Plaintiff Jeffrey Frank Klein ("Klein"). Upon consideration of the motion, the oppositions filed by Defendant Collectcents, Inc. o/a Credit Bureau of Canada Collections ("Collectcents"), (ECF No. 163), and Defendant Commerce Energy ("Commerce Energy"), (ECF No. 164), and Federal Rule of Appellate Procedure 4, the motion will be denied.

### I. FACTUAL BACKGROUND

On August 7, 2014, Klein instituted this action, originally proceeding *pro se*. Prior to being represented by counsel, Klein filed numerous documents in this action, including a motion for leave to proceed *in forma pauperis*, (ECF No. 1), his original complaint, (ECF No. 2), an opposition to motion for extension, (ECF No. 5), an opposition to motion to dismiss, (ECF No. 19), his amended complaint, (ECF No. 24), a request for entry of default (ECF No. 26), a motion to remove the case from the Alternative Dispute Resolution ("ADR") Program of the United

States District Court for the Western District of Pennsylvania (ECF No. 33), a motion to bifurcate and expedite trial (ECF No. 34), and his consent to have counsel appointed for the purpose of assisting him with the ADR process. (ECF No. 35). Subsequently, on November 16, 2015, attorney Adam Vahanian ("Klein's counsel") entered his appearance on behalf of Klein, (ECF No 42), and represented him through final judgment. To date, Klein's counsel has not filed any motion to withdraw his representation. The present motion, however, indicates that Klein is proceeding *pro se*.

Relevant to the present motion, on May 27, 2015, the court granted without prejudice the partial motion to dismiss for failure to state a claim filed by Defendants Just Energy Ohio, LLC, Just Energy Pennsylvania Corp., Just Energy Group, Inc., and Just Energy Limited (collectively "Just Energy Defendants") (ECF No. 22); on June 29, 2016, the court granted the Just Energy Defendants' motion for summary judgment, (ECF No. 87); at a hearing held on September 7, 2016, the court granted Defendant Data Exchange's motion to dismiss for lack of personal jurisdiction as consented to by Klein, denied in part and granted in part Klein's motion for leave to amend to file a third amended complaint, and denied leave to file a further complaint against Defendant Just Energy Group, Inc., see (9/07/2016 Minute Entry); and on June 21, 2017, the court granted the motions for summary judgment filed by Collectcents and Commerce Energy, finally resolving this matter. (ECF No. 159).

During the pendency of this action, another district judge entered a sealed order in this matter on March 29, 2017 (the "sanctions order") (ECF No. 155), with respect to a joint motion for sanctions filed by Collectcents and Commerce Energy against Klein alleging bad faith conduct in mediation. On April 26, 2017, twenty-eight days after entry of the sanctions order,

Klein and his counsel filed a notice appealing the order and stating that it required Klein and counsel to make equal payments to defendants. (ECF No. 156).

On July 25, 2017, thirty-four days after the court's June 21, 2017 order finally disposing of this action and four days beyond the thirty-day deadline for filing a notice of appeal Klein filed his Notice of Appeal (also "notice"), indicating that he was proceeding *pro se* (ECF No. 160). The notice states:

> Notice is hereby given that Jeffrey Frank Klein, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Third Circuit from the following Orders and rulings:
>
> - a May 27, 2015 Memorandum Opinion granting Partial Motion to Dismiss for Failing to State a Claim[1] entered in this action on the 27th day of May, 2015.
> - Rulings made at status conference held the 22nd day of September, 2015.
> - Memorandum Opinion granting Defendants' motions for summary judgment entered in this action on the 29th day of June, 2016.
> - Order on Motion for Summary Judgment entered in this action on the 21st day of June, 2017.

(ECF No. 160 at 1-2).

By handwritten attachment to the notice, Klein acknowledged that he filed it four days late. (ECF No. 160-1). He also indicated that: 1) he only learned on June 26, 2017, (twenty-five days before the notice of appeal was due) from his counsel about the court's rulings that are the subject of the appeal in issue; 2) his counsel "did not turn over possession of [his] file until the following week," after counsel informed Klein about the order disposing of the case; 3) when Klein reviewed his file and saw a copy of the court's June 29, 2016 order granting summary judgment, he misread the date as June 29, 2017, presumed it to be the most recent order in the matter, and therefore, he believed he had until July 29, 2017 to file his notice of appeal; and 4) the late notice would not be an unfair burden on any parties. (ECF No. 160-1 at 1).

---

[1] The court notes that the order dismissing certain claims was without prejudice. (ECF No. 22).

The court observes with respect to the first three of the four items indicated on Klein's July 25, 2017 Notice of Appeal that: 1) Klein indicates that he appeals the May 27, 2015 and June 29, 2017 memorandum opinions instead of the orders entered in accordance with those opinions; 2) the May 27, 2015 order granting a partial motion to dismiss indicated that it was granted without prejudice; and 3) what Klein lists as a status conference held and orders entered on September 22, 2015, never occurred; there, however, was a status conference held and orders entered on September 22, 2016. (ECF No. 159).

By correspondence dated August 3, 2017 to Klein from the Office of the Clerk of the Court of Appeals for the Third Circuit, Klein specifically was advised that he had untimely filed his notice of appeal, and was referred to Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(5), with the indication that the district court had discretion to permit an extension of the time to appeal as permitted in Rule 4. (ECF No. 164-1 at 2).[2] Nevertheless, Klein did not immediately file his motion.

Twenty-eight days after Klein filed his Notice of Appeal and sixty-one days after the court's June 21, 2017 order, Klein, on August 22, 2017, and the very last possible day to do so,[3] filed his motion to extend the time for filing the appeal. (ECF No. 161). In his motion, Klein asserts the same reasons for his late notice that he stated in the handwritten note attached to the notice, and adds that: 1) his Notice of Appeal *really* was only filed two days late because there were two intervening weekend days falling between the deadline for filing the notice and the date when he actually filed it; 2) any late filing of the present motion to excuse the late filing of his Notice of Appeal also should be excused because the late notice had contained a handwritten

---

[2] The August 3, 2017 correspondence from the court of appeals was not acknowledged by Klein in his motion, and it instead was provided to this court by Commerce Energy as Exhibit A to its opposition to the motion.
[3] August 20, 2017, fell on a Sunday, and therefore, Klein had until Monday, August 21, 2017 to file his present motion. See Fed. R. Civ. P 6 (computing time), and Fed. R. App. P. 1(a)(2) ("When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court.").

attachment asserting essentially the same bases as he now indicates for the extension; and 3) the court of appeals has already issued a briefing schedule regarding "the appeal," all parties have appeared and made initial filings in the appellate court, and therefore, no prejudice or hardship will be occasioned on any of the parties by an extension of the deadline. (ECF No. 161 at 2-3).

## II. STANDARD FOR EXTENDING THE DEADLINE TO APPEAL

Federal Rule of Appellate Procedure 4 provides:

**(a) Appeal in a Civil Case.**
**(1) Time for Filing a Notice of Appeal.**
**(A)** In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

****

**(5) Motion for Extension of Time.**
**(A)** **The district court may** extend the time to file a notice of appeal if:
**(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; **and**
**(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, **that party shows excusable neglect or good cause**.

****

**(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4 (emphasis added).

The requirement of filing the notice of appeal within thirty days is both mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). In accordance with Rule 4(a)(5)(A)(i) and (ii), the district court has the power where the appellant shows good cause or excusable neglect to extend the time for filing a notice of appeal, but only if the motion is filed no later than thirty days after the deadline for filing the notice of appeal. The district court lacks jurisdiction to extend the deadline if the motion is filed beyond

5

the "grace period." Melton v. Frank, 891 F.2d 1054, 1056 (2d Cir.1989). In addition to showing good cause or excusable neglect in failing to timely file the notice of appeal, an appellant's "'excusable neglect' must be shown up to the actual time the motion to extend is filed." Pedereaux v. Doe, 767 F.2d 50, 51 (3d Cir. 1985). Thus, Klein also must show excusable neglect with respect to his delay in filing the motion to extend on the last day of the grace period.

Good cause applies where the appellant is not at fault for the late filing because

> the "good cause" prong is reserved for events over which the filing party has no control. *See* Fed. R.App. P. 4 Advisory Committee Notes ("The excusable neglect standard applies in situations in which there is fault.... The good cause standard applies in situations in which there is no fault—excusable or otherwise.").

Kanoff v. Better Life Renting Corp., 350 F.App'x 655, 657 n.1 (3d Cir. 2009). The standard for extending the time for filing an appeal is strict and the extension of the time is reserved for the extraordinary case to avoidance injustice. Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 918 (3d Cir.1987).

Courts consider the following guiding factors to determine on a case-by-case basis if the failure to file timely resulted from excusable neglect: (1) whether the failure reflects an ignorance of the rules, and therefore, should not be excused; (2) whether it reflects an improper, easily manufactured excuse that is difficult for a court to verify; (3) whether it results from a readily foreseeable consequence that should have been planned for; (4) whether it reflects a complete lack of diligence; and (5) whether there was substantial good faith efforts toward compliance. Consol. Freightways, 827 F.2d at 919–20. The court also considers the length of the delay and prejudice to the nonmovant. Id. at 920; see Price v. Gen. Cable Indus., Inc., 466 F. Supp. 2d 610, 611 (W.D. Pa. 2006).

In Consolidated Freightways the court of appeals explained that to apply judiciously the standard, a court must address the reasons underlying the inadvertence. 827 F. 2d at 919. "There

6

is a qualitative distinction between inadvertence which occurs despite [] affirmative efforts to comply and inadvertence which results from [] lack of diligence." Id. Excusable neglect is found in situations such as where counsel exhibited substantial diligence and competence and acted in good faith to conform conduct to a rule, but failed as a result of a minor neglect. Id. (finding inadvertent misdirection of a notice of appeal timely sent constituted excusable neglect).

### III. ANALYSIS

Federal Rule of Appellate Procedure Rule 4(a) affords the district court discretion only <u>on motion</u> to grant Klein an extension of the time for filing his Notice of Appeal. Klein filed his Motion to Extend Time to File Notice of Appeal Under Rule 4 on the very last day of the thirty-day grace period of Federal Rule of Appellate Procedure 4(a)(5)(A)(i), and therefore, the court has jurisdiction to consider whether it will exercise its discretion to grant Klein's extension request. In order for the court to grant Klein's request, the court must find that Klein met the excusable neglect or good cause standard in Rule 4(a)(5)(A)(ii). The court finds that he did not.

Klein's assertions do not establish either good cause or excusable neglect in the late filing of the Notice of Appeal or in his delay in filing the necessary motion to extend the deadline. The court finds the reasons offered by Klein, for the most part, demonstrably disingenuous.

Klein does not present factors beyond his control that caused the late filing, which renders his motion without good cause. Klein's excuse that his counsel delayed five days in informing him about the Wednesday, June 21, 2017 order, and only notified him on the following Monday, June 26, 2017, provides no justification. He still had an additional twenty-five days to file a notice of appeal. Yet, he waited an additional twenty-nine days to do so. Klein's second contention, that he did not obtain his litigation file from his counsel until a week after June 26, 2017, also is inadequate. Even if receipt of his file was necessary for filing the

7

notice, he still had over two weeks from the time he received it to file a timely notice of appeal. He did not point to any thwarted efforts or even attempts to obtain the documents he claims he needed from the docket or court. Indeed, he adds in his motion that while he independently was reviewing the docket entries on the court's Public Access to Court Electronic Records ("PACER") system on July 25, 2017, it dawned on him that the order disposing of his case was entered on June 21, 2017 and that his notice of appeal was late. Instead of revealing a justification for his untimely filing, this demonstrates that he had access to the docket and some ability to utilize it. These reasons reveal a lack of diligence rather than good faith efforts or excusable neglect.

Klein's third assertion, that he filed an untimely notice of appeal because he somehow misread the date of the June 29, 2016 order to be instead a June 29, 2017 order, giving him until July 29, 2017, to file the notice cannot reasonably be reconciled with his assertion in the very same document that his counsel notified him on <u>June 26, 2017</u> about the <u>June 21, 2017</u> order granting summary judgment and finally resolving the matter. Therefore, his assertion that he thought then that he had thirty days from a <u>June 29, 2017</u> order is the kind of excuse generally not verifiable, but here lacks plausibility and is demonstrably false by his own statements.

With respect to prejudice, Klein offers only that the court of appeals has already entered a briefing schedule. Review of the docket, as pointed out by defendants, however, reveals that this schedule relates to his earlier appeal of the sanction order and not his presently attempted appeal as he insinuates. Klein's argument about the status of his prior appeal of the sanctions order in the appellate court actually weighs against granting his motion. The prior filing of a notice of appeal with respect to the sanctions order in this case demonstrates Klein's knowledge of and

8

ability to comply with Rule 4's timeliness requirements. See Maqagi v. Horizon Lamps, Inc., Civ. Act. No. 13-cv-1573, 2016 WL 7209941, at * 3 (E.D. PA Dec. 13, 2016).

Klein asserts in his motion, but does not make specific argument regarding it, that he is now proceeding *pro se*, but no withdrawal of counsel has been filed in this action, and his counsel entered an appearance on Klein's behalf with respect to the earlier appeal of the sanctions order. Even if Klein were unrepresented, the requirements of Rule 4 still apply and his failure to file timely the appeal must be excused and adequately explained. In re Kaplan, 482 F.App'x. 704, 706-707 (3d Cir. 2012) (bankruptcy court did not abuse its discretion in denying the motion to extend where it determined that the *pro se* debtor failed to monitor the docket). As noted, Klein represented himself throughout a good deal of this litigation, making numerous *pro se* filings.

Recently in Alvarado v. D'llio, Civ. Act. No. 15-3878, 2017 WL 3080749 (July 19, 2017), the district court found excusable neglect and good cause to extend a *pro se* prisoner's deadline for filing an appeal, where he filed the appeal one day late because he misapprehended the prison mail box rule believing that filing was complete on handing it to the prison officials for filing as opposed to requiring him to hand the appeal to prison officials one day earlier. Alvarado, 2017 WL 3080749, at *2. The court noted that the *pro se* prisoner had been extremely diligent in notifying the clerk's office after each transfer to a new prison location and wrote to inquire regarding any decision made on a pending motion for reconsideration, but missed the deadline for filing a notice of appeal by one day. Here, by contrast Klein's excuses, to the extent believable or even plausible, reveal a lack of diligence and repeated delays.

With respect to his separate delay in waiting until the very last day of the grace period to file the present motion, the only basis Klein offers for waiting until the last day to file the motion is

9

that he previously had indicated some of the reasons for the late appeal in his handwritten note attached to his notice. Klein does not attempt any showing of good cause or excusable neglect in the significantly delayed filing of his present motion, which is required by Pedereaux. Klein appears to assume that the note is good enough or equivalent to a timely motion. Quite simply, this handwritten note is wholly insufficient, particularly in light of: 1) the strict requirements in Rule 4 for extending the deadline by filing a motion with the district court; 2) that Klein's attachment acknowledges his own late filing but does not take the required step at that time to attempt to excuse it; and 3) the very specific statements in the court of appeals' August 3, 2017 letter directing Klein to Federal Rule of Appellate Procedure Rule 4 with respect to his untimely Notice of Appeal.

In Pedereaux, appellant's counsel had a medical emergency in his family just before the notice of appeal was due and extending until four days after the deadline, but he awaited an additional twelve days to file the notice of appeal. The district court determined that the appellant failed to show excusable neglect for awaiting the additional period to file the motion for extension and denied the motion. Writing for the Court of Appeals for the Third Circuit in affirming, then Chief Judge Ruggero Aldisert explained that the district court had rightfully interpreted Rule 4 to require the showing of excusable neglect in appellant's awaiting the filing of the motion to extend. In ruling Pedereaux's delay was not excused, the court stated:

> [t]his is a common sense, pragmatic interpretation of Rule 4(a)(5). It promotes the salutary purpose of Rule 4(a) to ensure efficient and timely adjudication of appeals. It simply is not overly burdensome to require a putative appellant, who has already missed the . . . mandatory appeal date of Rule 4(a)(1) because of "excusable neglect," to file immediately a Rule 4(a)(5) motion to extend when the excuse no longer exists.

767 F.2d at 52. Klein's delay in filing the motion to extend is likewise not excused.

In accordance with the foregoing, the court will deny Klein's motion to extend the time to file a notice of appeal. An appropriate order will be entered.

October 27, 2017

By the court:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
United States District Judge